UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **MARK J. HENDERSON,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **AMERICAN STEAMSHIP OWNERS** | ) | No. 2:11-cv-86-DBH |
| **MUTUAL PROTECTION AND** | ) | |
| **INDEMNITY ASSOCIATION INC.** | ) | |
| and **ATLANTIC PELAGIC** | ) | |
| **SEAFOOD LLC,** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

ORDER ON PENDING MOTIONS

**1.   Plaintiff's Motion to Amend Complaint and to Dismiss Party**

The plaintiff's motion to amend complaint is **GRANTED**. The defendant does not object to the dropping of party Atlantic Pelagic Seafood LLC. It does complain that the reach-and-apply claim is still premature, but I disagree. Final (default) judgment in the underlying lawsuit against Atlantic Pelagic Seafood LLC entered in this court on April 22, 2011. See Henderson v. Atlantic Pelagic Seafood LLC, No. 2:10-cv-68-DBH (Docket Item 66). More than twenty days have passed since then. Maine's reach-and-apply statute states that a lawsuit cannot "be brought against an insurer to reach and apply . . . insurance money until 20 days shall have elapsed from the time of the rendition of the final judgment against the judgment debtors." 24-A M.R.S.A. § 2904. That requirement is satisfied. The defendant argues that the twenty

days should not start until the appeals period has passed, relying on <u>Goya Foods, Inc. v. Wallack Mgmt. Co.</u>, 290 F.3d 63, 74 (1st Cir. 2002). But that case dealt with Puerto Rico procedural rules, and in that case the trial judge actually stayed execution of the judgment pending appeals. Here, the language of the Maine statute is clear on its face—"*rendition* of the final judgment" (emphasis added). That rendition occurred on April 22, 2011.

### 2. Defendant's Motion to Dismiss the Complaint and/or for Summary Judgment or Alternatively to Transfer Venue

The defendant's motion to dismiss the complaint and/or for summary judgment is **DENIED**,[1] but the motion to transfer venue is **GRANTED**.

On the motion to dismiss the complaint, I conclude that it is premature to rule now on the defendant's assertion that a ruling in the Southern District of New York defaulting the insured Atlantic Pelagic Seafood LLC prevents the plaintiff from recovering in this reach-and-apply lawsuit. The plaintiff is contesting personal jurisdiction in that case, and the judge has not yet ruled on whether there is jurisdiction over the plaintiff. Without personal jurisdiction, there could be no res judicata effect.

The parties disagree over whether the forum clause in the insurance agreement bears upon where this lawsuit should proceed, whether this court has personal jurisdiction over the insurer (the plaintiff concedes that there is no general jurisdiction, but argues that specific jurisdiction exists), and whether venue is proper in this District.

---

[1] In granting the motion to amend the complaint, I have rejected the argument that the reach-and-apply claim is premature and should be dismissed. In all other respects, the motion is either premature or moot for the reasons stated in text.

But since I conclude that the lawsuit should be transferred to the Southern District of New York under 28 U.S.C. § 1404(a) (change of venue "for the convenience of parties and witnesses, in the interest of justice"), § 1406 (a) ("[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought") or § 1631 ("[w]henever a civil action is filed in a court . . ., and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"), and there is no dispute that the lawsuit could have been brought there, it is unnecessary to rule on the preceding issues.[2]

The 1404(a) factors favor transfer for these reasons.

This is a lawsuit over whether the defendant insurer has an obligation to pay the default judgment the plaintiff has obtained against the insured. Neither the plaintiff nor the insurer has any Maine presence, and the accident and injury did not occur here.

There are no witnesses or documents here.

---

[2] If personal jurisdiction exists but venue is wrong, the transfer is under § 1406(a). See 28 U.S.C. § 1406(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). If personal jurisdiction is lacking, § 1631 furnishes the ground for transfer. See 28 U.S.C. § 1631; Cimon v. Gaffney, 401 F.3d 1, 7 n.21 (1st Cir. 2005) (court noted that, although it did not definitively have to resolve issue, it was inclined to view § 1631 as applying when federal court lacks any type of jurisdiction, including personal jurisdiction). Although the academic commentators seem to urge a trial judge to decide these issues first and thus which transfer section applies, 15 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3842 (3d ed. 2007), the parties have not urged the distinctions here.

3

Although the physical location of documents is not critical in today's electronic world, any relevant documents are in New York.

As the case proceeds procedurally, any depositions or affidavits are likely to come from the defendant's New York employees and agents.

Any presumption in favor of the plaintiff's choice of forum, or the "first-to-file" rule is exceedingly weak, because after the plaintiff filed the lawsuit here that resulted in a default judgment against the insured, his lawyers announced that they would be filing a reach-and-apply action. Then the defendant insurer expeditiously filed its lawsuit in the Southern District for a declaration of no coverage and soon thereafter the plaintiff filed this lawsuit in this District for a declaration of coverage (now, by the amended complaint, converted to a reach-and-apply claim). In other words, both parties engaged in a race to the courthouse.

The convenience of the plaintiff's lawyers is not a factor, In re Volkswagen AG, 371 F.3d 201, 206 (5th Cir. 2004) ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."); In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003); U.S. ex rel. Ondis v. City of Woonsocket, RI, 480 F. Supp. 2d 434, 437 (D. Mass. 2007), and I note that they have been permitted to appear pro hac vice in the Southern District of New York.

In sum, while the arguments are not strong in either direction, they do favor New York.

4

Accordingly, the motion to transfer venue is **GRANTED**, and the motion to dismiss the Complaint and/or for summary judgment is **DENIED**.

**SO ORDERED.**

**DATED THIS 6TH DAY OF JUNE, 2011**

      /S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**